**Alejandro BANQUELLS,**
**Plaintiff—Appellant,**

v.

**NESTLE PREPARED FOODS CO.,**
**d/b/a Chef America, Inc.**
**Defendant—Appellee.**

No. 04–56487.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2006.

Filed June 14, 2006.

David H. Greenberg, Esq., Greenberg & Simon, Roslynn E. Anderson, Esq., Law Offices of David H. Greenberg, Beverly Hills, CA, for Plaintiff–Appellant.

James H. Berry, Jr., Esq., Kevin R. Lussier, Berry & Perkins, a Professional Corporation, Los Angeles, CA, for Defendant–Appellee.

Before: REINHARDT, TROTT, and McKEOWN, Circuit Judges.

MEMORANDUM *

Alejandro Banquells appeals the district court's grant of summary judgment in favor of Nestle Prepared Foods Company, d/b/a Chef America, Inc., in his action under the Fair Employment and Housing Act, Cal. Gov't Code § 12900 et seq. ("FEHA").

■ Banquells' claim for unlawful discrimination fails because Nestle offered a legitimate, non-discriminatory reason for its action and Banquells did not offer any evidence to show that Nestle's justification was pretextual. *See Guz v. Bechtel National, Inc.,* 24 Cal.4th 317, 100 Cal. Rptr.2d 352, 8 P.3d 1089, 1113 (2000) (adopting the three-stage burden-shifting test in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), for discrimination claims under the FEHA). Uncontroverted testimony from Nestle officials indicated that Nestle would have returned Banquells to work had the finger injury been the only concern, and that the sole reason for not returning Banquells to work was the lack of any information regarding his stress-related injuries. *See Guz,* 100 Cal.Rptr.2d 352, 8 P.3d at 1115–16 ("[L]egitimate reasons ... are reasons that are *facially unrelated to prohibited bias,* and which, if true, would thus preclude a finding of *discrimination."*) (internal quotation marks omitted).

■ The district court properly granted summary judgment with respect to Banquells' claim of failure to provide reasonable accommodation. *See Bagatti v. Dep't of Rehab.,* 97 Cal.App.4th 344, 353–356, 118 Cal.Rptr.2d 443 (Cal.Ct.App.2002) (prima facie claim under § 12940(m) requires showing that plaintiff is disabled and that employer failed to provide a reasonable accommodation). The record shows that Nestle accommodated Banquells' injuries by placing him on insured medical leave and holding his job open for him, that Nestle was prepared to accommodate his finger injury pending resolution of the status of his stress-related injuries, and that Nestle repeatedly requested information about his stress-related injuries in order to determine the appropriate action. In response, Banquells offered no evidence to raise a triable issue of fact.

■ Banquells' final cause of action alleged failure to engage in a good faith, interactive process. FEHA requires that both employer and employee participate in the interactive process. *Gelfo v. Lockheed Martin Corp.,* 140 Cal.App.4th 34, 62, 43 Cal.Rptr.3d 874, 896, n. 22 (2006). Nestle repeatedly requested information regarding Banquells' stress-related injuries and Banquells conceded that he did not respond to those requests. The district court did not err in granting summary judgment with respect to Banquells' final cause of action. *Cf. Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 922 (9th Cir. 2004) (summary judgment may be affirmed on any ground supported by the record).

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.